RAFAEL RODRÍGUEZ MUÑOZ and ÁNGEL LUIS HERNÁNDEZ, Petitioners, *v.* SUPERIOR COURT OF PUERTO RICO, SAN JUAN PART, GERARDO CARREIRA MÁS, JUDGE, Respondent; THE PEOPLE OF PUERTO RICO, Intervener.

No. O-67-104.     Decided October 16, 1967.

*Félix R. Ortiz Juan* for petitioners. *J. B. Fernández Badillo, Solicitor General,* and *Peter Ortiz, Assistant Solicitor General,* for The People.

PER CURIAM: The petitioner was accused of violating § 4 of Act No. 220 of 1948. The information did not state facts in accordance with *People* v. *Trinidad Fernández,* 93 P.R.R. 877 (1967). The trial having begun and after a witness for the prosecution had testified, the People requested leave to amend the information. The judge granted it. The accused asks us to reverse that decision. He summarizes the issue thus:

"The fact that an information does not state facts sufficient to constitute a public offense having been accepted, it may be

amended pursuant to the provisions of Rule 38 of the Rules of Criminal Procedure, so that after the amendment, the information as amended will state facts constituting an offense, or, otherwise it shall be dismissed as expressly provided by Rule 64 of the same legal body."

He sustains that the amendment of an information which does not state facts does not lie; and that the same should be dismissed, since "an interpretation to the contrary would be tantamount to determining that Rule 64 of the Rules of Criminal Procedure is invalid, inoperative, and even useless, and to make them applicable only in the extreme case in which the prosecutor, notwithstanding the fact that the court believes that the information under its consideration does not state facts sufficient to constitute an offense; insists that the information does state facts and, refuses to amend."

The petitioner is wrong. Rule 38 (b) provides:

"If the information, or complaint has a substantial defect or omission, the court wherein the proceeding was originated may permit the necessary amendments to cure said defect or omission at any time before the verdict of guilty or not guilty. If the defect is in the information, the defendant shall have a right to a new arraignment."

The provision of Rule 64 (a) does not militate against this. Rule 66 establishes that "if the motion is based on a defect in the information, . . . . curable by amendment, the court shall order the amendment to be made and deny the motion."

The writ issued shall be quashed so that the defendant be arraigned and thereafter, the trial will be held.

Mr. Justice Belaval did not participate herein.